IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY B. TILLMAN,

       Plaintiff,

  v.

BOARD OF PRISON TERMS,

       Defendants.
                               /

No. C 11-01086 CW (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

    This case was opened when Plaintiff, a state prisoner, filed a complaint on the Court's civil rights form.  The Clerk of the Court sent him a notice that he had failed to pay the $350.00 filing fee or apply for leave to proceed in forma pauperis (IFP).  Plaintiff thereafter filed an application to proceed IFP.

    Although Plaintiff submitted his claims on a civil rights form, it is apparent that he intended to file a petition for a writ of habeas corpus because he challenges the length of his sentence.  Accordingly, the Clerk of the Court shall reclassify this case on the docket as a habeas action.  The filing fee will be $5.00.

    The civil rights form Plaintiff used does not include the information necessary to pursue a habeas action.  Based on the information on the form, the Court cannot determine whether Plaintiff has exhausted his claims in the California courts before filing this action.  Federal habeas petitioners are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28

U.S.C. § 2254(b), (c); <u>Rose v. Lundy</u>, 455 U.S. 509, 515-16 (1982); <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981); <u>McNeeley v. Arave</u>, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process"). Therefore, Plaintiff cannot present claims to this Court which he has not first raised in the highest state court available, the Supreme Court of California, usually by direct appeal or by way of a state habeas petition.

The Court cannot fairly evaluate this habeas action in its present state. Accordingly, the Court will allow Plaintiff an opportunity to file amended claims on the Court's habeas form to correct these deficiencies, if he wishes to go forward with this action as a habeas action. The failure to file a completed habeas form as directed below will result in the dismissal of this action without prejudice.

                           CONCLUSION

1.   The Clerk of the Court shall reclassify this case on the docket as a habeas action with a filing fee of $5.00.

2.   Plaintiff's motion to proceed IFP is GRANTED.

3.   No later than <u>thirty (30) days</u> from the date of this Order, Plaintiff shall file with the Court the attached 28 U.S.C. § 2254 habeas petition form, completed in full, including the state post-conviction relief he has sought and any claims he seeks to

raise in federal court.  He should clearly write in the correct caption and case number for this action, C 11-01086 CW (PR).

4.   If Plaintiff fails to file a completed § 2254 habeas petition form within the thirty-day deadline, the case will be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  See <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 633 (1962) (pursuant to Rule 41(b), a district court may on its own motion, dismiss an action for failure to prosecute or to comply with a court order); <u>see also</u> <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 133 (9th Cir. 1987) (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

5.   The Clerk of the Court shall send Plaintiff a blank § 2254 habeas petition form.

6.   This Order terminates Docket no. 3.

IT IS SO ORDERED.

DATED: 4/18/2011

_____
CLAUDIA WILKEN
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANTHONY B TILLMAN,

        Plaintiff,

  v.

BOARD OF PRISON et al,

        Defendant.

Case Number: CV11-01087 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 18, 2011, I SERVED a true and correct copy(ies) of the attached and **a blank § 2254 habeas petition form**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony B. Tillman C0-8892
2-A3-27L
Folsom State Prison
P.O. Box 71
Represa, CA 95671

Dated: April 18, 2011

                        Richard W. Wieking, Clerk
                        By: Nikki Riley, Deputy Clerk

4